IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE T. MUSE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SCOTT WEISS, DIRECTOR OF THE KINTOCK | : | NO. 06-4244 |
| COMPREHENSIVE SANCTIONS CENTER | : | |

**MEMORANDUM**[1]

**Baylson, J.**                                                                                            **March 31, 2008**

**I.      Introduction**

Petitioner Wayne T. Muse filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  The Government responded on March 6, 2006 (Doc. No. 7), and Petitioner replied with a "Traverse" on April 11, 2006 (Doc. No. 9).  The issue before the Court is whether judicial review of the habeas petition is barred because Petitioner failed to exhaust his administrative remedies prior to filing the petition.

Upon independent and thorough review, and for the reasons stated below, this Court will deny Petitioner's Writ of Habeas Corpus for failure to exhaust his administrative remedies.

**II.     Background and Procedural History**

According to the record before this Court, on August 8, 1975, Petitioner was convicted of robbery of a postal employee and sentenced to a twenty-five year term by the United States

---

[1]  This Court has changed the caption because Petitioner improperly named the United States Parole Commission ("Commission") as the defendant in this matter, instead of Scott Weiss, the Director of the Kintock Comprehensive Sanctions Center, located in Philadelphia, Pennsylvania, where Petitioner currently resides.  See Stokes v. United States Parole Commission, 374 F.3d 1235, 1238 (D.C. Cir.) cert. denied, 543 U.S. 975 (2004) (finding that the U.S. Parole Commission is the improper respondent for a 2241 habeas petition and that head of institution where prisoner resides should be named as the respondent).

District Court for the District of New Jersey. (See Resp., Ex. 1).[2] Petitioner was first paroled on March 26, 1984, (see Resp., Ex. 2), and since that initial release, Petitioner has been in and out of custody on parole a total of seven times. Generally, the time Petitioner spent on parole was not credited to his sentence when he was found to have committed new crimes while on parole.[3]

---

[2] The government filed the exhibits to its Response (Doc. No. 7) as a separate document (Doc. No. 8). Thus, all references to Response exhibits are references to Doc. No. 8.

[3] Petitioner's parole was revoked first on October 21, 1986 for possession of a controlled dangerous substance and simple assault, and Petitioner was not credited for his time on parole. (See Resp., Exs. 3, 4). On March 9, 1989, Petitioner was again released on parole (see Resp., Ex. 5), but his parole was revoked on October 14, 1992, for drug use and failure to maintain regular employment. However, after this revocation, the Commission credited the time Petitioner had spent on parole. (See Resp., Ex. 6). On December 17, 1992, Petitioner was released on parole for the third time. (See Resp., Ex. 7). However, on January 3, 1994, he was arrested on charges of burglary, (see Resp., Ex. 8; Traverse, p. 2), and his parole was thus revoked, on July 14, 1994, for failure to report to the U.S. Parole Officer, violation of special condition, drug use, and violation of law by committing the burglary. (See Resp., Ex. 9). Petitioner did not receive credit for his time spent on parole in this third instance. (See id.) On September 1, 1995, Petitioner was released on parole for the fourth time, (see Resp., Ex. 10), and Petitioner asserts that he was released to a state detainer to serve a five-year concurrent state sentence. (See Traverse, p. 2; Petition, p. 3). The record before the Court does not indicate whether Petitioner served this state sentence, nor if he did, when he was released from state custody. However, the record does indicate that on or about August 8, 1998, Petitioner was arrested by the Camden, New Jersey police for burglary and unlawful entry and sentenced to three years in state prison. (See Resp., Ex. 11). On October 18, 1999, the Commission charged Petitioner with violating the conditions of supervision due to the unlawful entry conviction in New Jersey, as well as a separate conviction by the New Jersey Superior Court for injury to a law enforcement animal and resisting arrest. (See Resp., Ex. 12). Because the Petitioner was already serving a state sentence, the Commission did not take Petitioner into federal custody until the Petitioner was released from state custody on September 5, 2000. (See Resp., Ex. 13). Petitioner was paroled for the fifth time on March 14, 2002, (see Resp., Ex. 15), but his parole was revoked on February 13, 2003, for violations of special conditions. However, he received credit for this fifth period of time on parole. (See Resp., Ex. 16). On February 27, 2004, Petitioner was released for the sixth time, (see Resp., Ex. 17), but on September 21, 2004, the Commission revoked Petitioner's parole for use of dangerous and habit forming drugs, failure to report to supervising officer, and failure to submit supervision reports. (See Resp., Ex. 19). On July 7, 2005, Petitioner was released for the seventh time, (see Resp., Ex. 20), but was brought back into custody on August 21, 2006, for use of dangerous and habit forming drugs, failure to submit supervision reports, and two counts of shoplifting. (See Resp., Exs. 21-22).

Petitioner contests the U.S. Parole Commission's treatment of his fourth parole period, asserting that the U.S. Parole Commission ("Commission") improperly refused to credit his time on parole from September 2, 1995 to September 5, 2000. Specifically, Petitioner asserts that he spent some of that time in state prison, and his state prison time should count toward his federal sentence. (See Petition (Doc. No. 1)). It is important to note that the Commission notified Petitioner, on July 30, 2001, that his time spent on parole (from September 2, 1995 to September 5, 2000) would not be credited toward his federal sentence. (See Resp., Ex. 14). Moreover, the pertinent notice of action stated under the caption "Appeals procedure" that "[t]he above action is appealable to the National Appeals Board under 28 C.F.R. 2.26." Id. The notice further explained how to obtain an appeals form and the deadline for filing an appeal. Id. However, there is no evidence that Petitioner filed an appeal.

Petitioner is currently in custody because he was charged with violating the conditions of his parole for a seventh time. Specifically, on July 14, 2006, the Commission charged Petitioner with use of dangerous and habit forming drugs, failure to submit supervision reports, and two counts of shoplifting, as noted in Footnote 3. (See Resp., Ex. 21). Petitioner received a preliminary interview on September 5, 2006 regarding these charges. (See id.). After the interviewing officer recommended that Petitioner be held or placed in a long term inpatient treatment program pending a final parole revocation hearing,[4] Petitioner filed the instant pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the District of New Jersey (Camden). (See id.; Petition (Doc. No. 1)). The case was transferred to the Eastern District of

---

[4] On November 28, 2006, Petitioner declined the Commission's revocation proposal, which proposed no credit for time spent on parole between June 25, 2006 and August 20, 2006, and requested a revocation hearing. (See Resp., Ex. 23). A revocation hearing was scheduled for December 12, 2006; however, Petitioner requested and was granted a continuance of his hearing to the January, 2007 docket. (See Resp., Exs. 24-25).

Pennsylvania[5] on September 15, 2006 but closed on November 15, 2006 for failure to pay the $5.00 filing fee. (See C.A. No. 06-4265, Doc. 2).

On December 8, 2006, the Court granted Petitioner's motion to proceed in forma pauperis and reopened the case. As noted above, the Government filed its Response (Doc. No. 7) on March 6, 2007, and Petitioner filed a Traverse (Doc. No. 9) on April 11, 2006.

### III.     Parties' Contentions

#### A.     Petitioner's Claim

Petitioner asserts that the U.S. Parole Commission ("Commission") did not have the jurisdiction to revoke his parole the seventh time because his initial sentence had already expired. The Petitioner argues that the time served in state custody pursuant to his burglary arrest should be credited toward his federal sentence, entitling him to immediate release from federal custody. According to the Petitioner, the time he spent in state prison was not time spent on parole and thus should not have been forfeited due to a violation of parole. Petitioner seeks release and compensation for each day spent in federal custody after the date he claims was his proper release date.

#### B.     Government's Response

The government urges the Court to dismiss the case. According to the government, Petitioner failed to exhaust his administrative remedies because he did not participate in the

---

[5] The District Court for the District of New Jersey determined that it lacked personal jurisdiction over this action because the proper custodian of the Petitioner (who, at the time, was the Warden at Federal Detention Center in Philadelphia) did not reside in the District of New Jersey. (See Transfer Order (Doc. 2)). Petitioner currently resides at the Kintock Comprehensive Sanctions Center, in Philadelphia, Pennsylvania, as noted in Footnote 1, and this Court therefore has jurisdiction over this action. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) (explaining that jurisdiction over a 2241 habeas petition lies with one district, the district where the petitioner is confined).

parole revocation proceedings scheduled for January, 2007, and because he did not administratively appeal before the Commission prior to pursuing habeas corpus relief.[6] The government states that the Commission had not yet revoked Petitioner's parole prior to the filing of the habeas petition since a continuance was issued per Petitioner's request.  Thus, Petitioner cannot challenge revocation of his parole preemptively without completing the parole revocation proceedings and appeals process.

In the alternative, the government argues that Petitioner's claim fails on the merits because his sentence had not expired in full and thus the Commission still had jurisdiction over him.  According to the government, Petitioner's claim that he should receive credit for the time spent in state custody is based on a misunderstanding of "street time".  The government contends that Petitioner was considered on federal parole, notwithstanding that he had been released to a state detainer, during the period he was in state custody.  The government asserts that the Commission was only required to credit Petitioner's time in state custody toward the satisfaction of reparole guidelines, pursuant to 28 C.F.R. § 247(e)(1), and not toward his federal sentence.

### C. Petitioner's "Traverse"

In reply to the Government's Response, the Petitioner filed a "Traverse," stating that he is not challenging his latest parole violation charges at this time, but is instead challenging the Commission's treatment of his fourth parole period, during which he served the state sentence.

---

[6] The government appears to base most of its exhaustion argument on the Petitioner's failure to exhaust his administrative remedies as to the Commission's treatment of his latest parole period. However, Petitioner stated in his Traverse (filed as a reply to the government's response) that he was really contesting the Commission's treatment of his fourth parole period.  There is no evidence that Petitioner exhausted his administrative remedies as to either parole period, and the distinction is therefore of little relevance for the purposes of this memorandum.

In addition, Petitioner claims he did not fail to exhaust his administrative remedies because he wrote to the Commission regarding the failure to credit the time spent in state custody and the Commission failed to respond.

## IV.     Discussion

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Under Section 2241, a district court has the power to grant a writ of habeas corpus in response to a petition from a federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

### A.     Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Rule 1(b).  In addition, where exhaustion of administrative remedies is raised, the burden of proving exhaustion lies with the petitioner.  See Coady v. Vaughn, 251 F.3d 480, 488 (3rd Cir. 2001), citing Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  However, the pleadings of pro se plaintiffs are generally held to "less stringent standards than formal pleadings drafted by lawyers."  Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992) (holding that a pro se petition cannot be held to same standard as pleadings drafted by attorneys).  Thus, a pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989).

### B.     **Failure to Exhaust Administrative Remedies**

"Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); see also Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("[W]e have consistently applied an exhaustion requirement to claims brought under § 2241."). Thus, a person is not entitled to judicial relief until the prescribed administrative remedy has been fully exhausted. See Woodford v. Ngo, 126 S. Ct. 2378, 2384-85 (2006). The Third Circuit has followed the exhaustion doctrine for several reasons: "(1) judicial review may be facilitated by allowing the appropriate agency to develop a factual record and apply its expertise, (2) judicial time may be conserved because the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors." Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981) (internal citations omitted).

In order for Petitioner to show that he properly exhausted his administrative remedies, he must meet his burden of proof and illustrate that he completed all available administrative review procedures before seeking habeas corpus relief. See U.S. Ex. rel. Sanders v. Arnold, 535 F.2d 848, 850 (3d Cir. 1976) (finding prisoner failed to exhaust administrative remedies because he did not complete administrative appeals process prior to filing habeas petition). In Sanders, the petitioner, Mr. Sanders, was first convicted of counterfeiting and sentenced to a three-year prison term. See id. at 849. While on parole, Mr. Sanders was convicted for conspiracy to pass counterfeit money and sentenced to a seven-and-a-half year prison term to run concurrently with his first sentence. See id. More than two years later, Mr. Sanders was paroled on his second sentence "to actual physical custody of detainer only," and the United States Board of Parole

("Board") simultaneously executed a parole violator's warrant for the first sentence. See id. Thus, he effectively remained in federal detention but shifted from serving the second sentence to serving the first. Instead of administratively appealing the parole "to actual physical custody of detainer only" or appealing the execution of the warrant, Mr. Sanders filed a habeas corpus petition challenging his continued incarceration. See id. The Third Circuit found that Mr. Sanders' failure to appeal constituted a failure to exhaust administrative remedies and remanded the case, instructing the District Court to deny Mr. Sander's habeas petition. Id.

As noted above, the Petitioner in the instant case challenges the fact that the Commission did not credit his time in state custody to his federal sentence.[7] However, the Commission informed him that his state time would not be credited and that his parole was revoked, (see Resp., Ex. 14), and similarly to Sanders, Petitioner did not appeal the Commission's determination. Petitioner's failure to appeal constitutes a failure to exhaust administrative remedies.

Pursuant to 28 C.F.R. § 2.26(a)(1), "[a] prisoner or parolee may submit to the National Appeals Board a written appeal of any decision to grant (other than a decision to grant parole on the date of parole eligibility), rescind, deny, or revoke parole . . . ." (2008). The appeal must be filed within thirty days from the date of the decision. See id. at § 2.26(a)(2).

If the petitioner fails to file a timely appeal, or commits any other procedural default and the default renders unavailable the administrative process, a court can not review his habeas claim unless he demonstrates cause and prejudice. See Moscato, 98 F.3d at 761 (finding that

---

[7] In reviewing the Commission's decisions, a court must apply an "extremely deferential" standard of review. Furnari v. Warden, Allenwood Fed. Corr. Inst., 218 F.3d 250, 254 (3d Cir. 2000). Thus, this Court is not empowered to substitute its judgment for that of the Commission unless the Commission's exercise of discretion is "arbitrary and capricious [or] based on impermissible considerations." Id. (citations omitted).

when petitioner's appeal was late merely because of his dilatoriness, petitioner did not show cause for the default); see also 28 C.F.R. § 2.26(d) (2008) ("If no appeal is filed within thirty days of the date of entry of the original decision, such decision shall stand as the final decision of the Commission."). Where the Petitioner fails to show cause, the Court does not need to address the question of actual prejudice. See Moscato, 98 F.3d at 762 (declining to address prejudice prong because Petitioner did not show cause).

In the instant case, Petitioner was informed, by a notice dated July 30, 2001, that his parole was revoked and his time spent on parole (from September 2, 1995 to September 5, 2000) would not be credited. (See Resp., Ex. 14). The notice explained to the Petitioner that the action was appealable to the National Appeals Board under 28 C.F.R. § 2.26 and must be filed with the Commission within thirty days. (See Resp., Ex. 14). According to the record, Petitioner did not file an appeal contesting the Commission's treatment of the time he spent in state custody. Petitioner has not asserted any reason for his failure to file a timely appeal, and solely asserts that he wrote to the Commission regarding the matter and it failed to respond. Petitioner has not provided any grounds upon which his failure to file a timely appeal could be excused, and has not satisfied his burden of proving that he exhausted his administrative remedies.

## V. Conclusion

Accordingly, because the Petitioner did not timely appeal the Commission's refusal to credit his time in state custody, he did not exhaust his administrative remedies, and this Court will deny the habeas petition. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE T. MUSE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAMERON LINDSAY, WARDEN OF | : | NO. 06-4244 |
| METROPOLITAN DETENTION CENTER | : | |

**ORDER**

AND NOW, this 31st day of March, 2008, for the reasons set forth above, it is hereby ORDERED as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is DENIED; and

2. There is no probable cause to issue a certificate of appealability.

The Clerk shall close this case.

BY THE COURT:

s/Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\CIVIL\06-4244 Muse v. Weiss\Muse 06-4244 - Memorandum writ habeas corpus.wpd